## 30571. HERNDON v. THE STATE.

DECIDED JUNE 30, 1944.

*LeRoy Finch, Jackson L. Barwick,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant was convicted of a violation of the lottery law. He obtained the issuance of a writ of certiorari,

which on the hearing was dismissed, and he brings the case here for review. Error is assigned on the general grounds only. Substantially, the evidence shows that at the time the defendant was arrested he was in the kitchen of Hattie Green, and that when the officer entered "he was crumpling up some tickets." On searching the defendant the officer found two books of yellow tickets under the defendant's belt, and two books of yellow tickets he had picked up. He stated he was there to pick up Hattie Green's book. A pick-up sheet with "*eleven*" written on it, and showing a total pick-up of $90.15, was found in his watch pocket. The "low money" had already been figured up. It was proved that the yellow tickets were original lottery tickets used in the number game. The defendant was arrested in Fulton County in July of this year. It was agreed between counsel for the State and the accused that on the date of the arrest the lottery known as the "number game" was in operation in Fulton County. The method of the operation of the lottery game was also agreed to.

In view of the stipulations of counsel, and in view of the proof that the yellow tickets found in the possession of the defendant, and the pick-up sheets, were used in the operation of the lottery, to say nothing of the defendant's admission that he was at Hattie Green's house for the purpose of picking up her book, the evidence was sufficient to sustain the verdict of guilty. See *Mills* v. *State,* ante, 353.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*